NOT FOR PUBLICATION (Doc. No. 6.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THOMAS SHUBERT | |
| Plaintiff, | Civil No. 1:15-cv-05111 |
| v. | **OPINION** |
| MARRIOTT INTERNATIONAL, INC., et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Marriott International Inc.'s ("Defendant") unopposed Motion to Transfer this case to the United States District Court for the Eastern District of Texas. (Doc. No. 6.)  For the following reasons, Defendant's Motion is **GRANTED**. The Court will transfer this case to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

**I.     FACTUAL BACKGROUND**

This matter stems from alleged injuries suffered by Thomas Shubert ("Plaintiff") at the Residence Inn in Plano, Texas.  (*See* Compl., Doc. No. 1, Ex. A.)  Plaintiff, a New Jersey resident, originally filed the Complaint in the Superior Court of New Jersey, Camden County Law Division.  He alleges six causes of action, all seemingly based on Defendant's negligent operation of an elevator at the Plano Residence Inn.  In addition to Defendant Marriott, Plaintiff

lists twenty fictitious "individuals, partnerships, corporations, and/or other business entities" as Defendants in this matter. (*Id.*)

## II.     LEGAL STANDARD

The decision whether to transfer an action pursuant to § 1404(a) rests in the Court's discretion and is reviewed for abuse of discretion. *Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 326 (D.N.J. 1995) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 631–32 (3d Cir. 1989)). The party seeking transfer of venue bears the burden of establishing that transfer is warranted and must submit "adequate data of record" to facilitate the Court's analysis. *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993).  Before transferring venue, the Court must articulate specific reasons for its decision. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 44 (3d Cir. 1988); *Ricoh*, 817 F. Supp. at 480.

Courts presented with § 1404(a) motions must take into account a wide range of public and private interests when determining if a transfer to a new venue is appropriate.  The Third Circuit has identified the following private factors as being significant to the § 1404(a) analysis:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).  Among the public factors that courts consider are the following:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted).

The movant bears "the burden of establishing the need for transfer," and "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." *Shutte v. Amco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal citations omitted).

### III.   DISCUSSION

The Court finds that the public and private factors weigh in favor of transferring this case to the United States District Court for the Eastern District of Texas. As an initial matter, the Court is satisfied that the action "might have been brought" there. 28 U.S.C. § 1404(a). Plaintiff has not opposed Defendant's motion, and all the events giving rise to Plaintiff's claim appear to have occurred in Plano, Texas, within the Eastern District of Texas. *See CPS MedManagement, LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 149 (D.N.J. 2013) (finding venue proper under 28 U.S.C. § 1391 where a substantial part of the events and omissions underlying the plaintiff's claims occurred in New Jersey).

The Court also finds that Defendant has met its burden of establishing that the Eastern District of Texas is the more convenient forum. The public and private factors weigh in favor of transfer, and therefore the Court, exercising its broad discretion under § 1404, finds that transfer is appropriate.

#### A.  The Private Factors

The private factors weigh in favor of transferring this case. The Court recognizes that a plaintiff's forum choice generally is entitled to deference. *Jumara*, 55 F.3d at 880. However, when the dispute central to a lawsuit arose from events that occurred almost exclusively in

3

another state, as is the case here, courts give substantially less weight to the plaintiff's forum choice. *See Nat'l Prop. Investors, VIII*, 917 F. Supp. at 327.

Here, the events giving rise to this suit occurred in Plano, Texas. Plaintiff's case arises from injuries he sustained in Texas allegedly because of Defendant's negligent operation of an elevator. As far as the Court can tell, Defendant's negligence also occurred in Plano, Texas. Thus, although the Court considers Plaintiff's forum choice, it gives it substantially less deference than if the events had occurred in the District of New Jersey. The location of events weighs in favor of transfer.

The convenience of witnesses also favors a transfer. The majority of liability witnesses in this case, namely the hotel staff and personnel responsible for properly maintaining the Residence Inn premises, are located in the Eastern District of Texas. So, too, are any technicians and personnel who performed maintenance on Defendant's elevator. Plaintiff is the only apparent party or potential witness that resides in New Jersey. Thus, the physical convenience of the parties weighs in favor of transferring the case. Because Plaintiff has not opposed this Motion, the Court cannot opine on any potential financial difficulty Plaintiff might have traveling to Texas. As such, the Court finds that the financial convenience of the parties does not weigh heavily in favor of either party.

Finally, the location of the books and records favor a transfer. All of Defendant's paperwork regarding the maintenance, inspection, and repair of its elevators is located in the Eastern District of Texas, as do its records relating to the investigation of Plaintiff's accident. While the ease of mailing documents is considerably greater than transporting witnesses, it is still an inconvenience. Plaintiff did not dispute this hardship, and provides no additional

information for the court to weigh in assessing his difficulty in transporting any records in his possession.  Accordingly, this factor, too, weighs in favor of transferring the case.

In sum, the Court finds that the private factors favor of transferring the case to the Eastern District of Texas.

### B.  The Public Factors

The public factors also support transferring this case.  First, neither party disputes that a judgment would be equally enforceable in Texas and New Jersey, and therefore, this factor does not weigh heavily in favor of or against transferring the case.

Second, when two potential districts exist, the forum with a greater interest in the action is a significant factor.  *Nat'l Prop. Investors, VIII*, 917 F. Supp. at 330.  Texas has a greater interest in this action because nearly all of the central facts of the lawsuit occurred there.  Given Texas's superior interest, the burden of jury duty is more fairly placed on residents of Texas.  *See id.* at 330 ("The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.").  Where the majority of the alleged culpable conduct occurred in one forum, as is the case here, that court favors retaining jurisdiction as a matter of local interest.

Finally, "justice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law."  *Am. Senso RX, Inc. v. Banner Pharmacaps, Inc.*, Civ. No. 06-1929, 2006 WL 2583450, at *6 (D.N.J. Sept. 6, 2006).  Here, the events underlying Plaintiff's suit occurred in Texas, and thus, it is Texas law that will determine whether Defendant is ultimately liable for Plaintiff's alleged injuries.  Although New Jersey has an interest in vindicating the rights of its citizens, the Court finds that Texas has an overriding interest in deciding this local controversy.  See *Gianakis v. Hilton Tuscon El Conquistador Golf and Tennis Resort et al.*, No. 12-4268, 2012 WL 5250463, at *3 (D.N.J. Oct. 22, 2012) ("No part

of the events giving rise to Plaintiff's cause of action took place within the State of New Jersey. Instead, all of the relevant events took place in Arizona. As such, Arizona has an overriding interest in this local controversy.").

Finally, transferring this case to the Eastern District of Texas would avoid this Court applying unfamiliar law, another factor the Court considers in deciding a Section 1404(a) motion. *See Gianakis*, 2012 WL 5450463, at *4 ("It makes far more sense for the District of Arizona to hear this diversity case, since it will undoubtedly turn on interpretations and applications of Arizona tort law over which this Court has no particular expertise or experience.")

In light of the applicable public factors, this Court finds that these factors weigh heavily in favor of a transfer.

## IV.     CONCLUSION

For the reasons list above, Defendant's Motion to Transfer Venue pursuant to § 1404(a) is **GRANTED**. This matter will be transferred to the United States District Court for the Eastern District of Texas. An appropriate order will issue today.

Dated: 1/20/2016                                            s/Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge